IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 26 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07cv01473-RPM-BNB

MERRILL LYNCH & CO., INC., a Delaware corporation,

    Plaintiff,

v.

EVELANI ENGLISH, an individual,
RICHARD R. BAIS, and individual, and
CHRISTOPHER W. LUCAS, an individual,

    Defendants.

## STIPULATION AND ORDER GRANTING PERMANENT INJUNCTION

Plaintiff Merrill Lynch & Co., Inc. ("Merrill Lynch"), by and through their undersigned counsel, and Defendants Evelani English, Richard R. Bais and Christopher W. Lucas (collectively "Defendants"), for themselves, hereby stipulate that the Court should enter a Permanent Injunction as follows:

### FINDINGS OF FACT

1.    Plaintiff Merrill Lynch & Co., Inc. ("Merrill Lynch") is a Delaware corporation which, through its subsidiaries and affiliates, offers capital markets services, investment banking and advisory services, wealth management, insurance, banking and related products and services on a global basis. Merrill Lynch has obtained and used in commerce multiple registered trademarks and service marks, many of which include the words "Merrill Lynch" and/or a distinctive "bull" design mark.

2.  Defendants, Evelani English, Richard R. Bais and Christopher W. Lucas (collectively "Defendants"), misrepresented that they were affiliated with Merrill Lynch by holding themselves out as employees and clients of Merrill Lynch or its affiliate in connection with certain real estate acquisition activities. In a letter dated May 9, 2007 (the "Letter"), Defendant English misrepresented that she was employed by Merrill Lynch as a Personal Banker/Advisor at a Merrill Lynch affiliate's Colorado Springs, Colorado branch office with a direct telephone number of (719) 930-0750. The Letter, addressed generally "To Whom It May Concern," states, *inter alia*, that it is intended to verify the good standing and funds held by Defendants Bais and Lucas as purported clients of a Merrill Lynch affiliate. The Letter is a copy of Merrill Lynch letterhead utilizing the mark "Merrill Lynch" in its registered style, format and font, and uses Merrill Lynch's registered distinctive "bull" trademark.

3.  The Letter was sent without authorization as to the use of Merrill Lynch's name, logo, business, reputation and goodwill. Defendant English has never been employed by Merrill Lynch or any of its affiliates as a personal banker, advisor, or otherwise. Defendants Bais and Lucas do not hold accounts with Merrill Lynch or any of its affiliates, nor has Merrill Lynch or any of its affiliates ever vouched for their financial status, or pre-qualified them for a mortgage loan. In or about May 2007, Defendants disseminated the Letter to RE/Max Properties in connection with their efforts to purchase certain real property in Las Vegas, Nevada.

4.  Merrill Lynch filed Civil Action No. 07cv01473-RPM-BNB against Defendants, alleging violations of Sections 32 and 43 of the Lanham Act, state law trademark infringement, violations of the Colorado Consumer Protection Act, unjust enrichment, and misappropriation of business value.

## CONCLUSIONS OF LAW

1.      In order to prevail on its Lanham Act claims, Merrill Lynch must demonstrate the validity of its "Merrill Lynch" trademark and its distinctive "bull" design marks (collectively, "Merrill Lynch's Trademarks"), and that the Defendants' use of those marks is likely to cause confusion in the market place concerning the source of the different products. *See USA Networks v. Gannett, Co.*, 584 F. Supp. 195, 198 (D. Colo. 1984).

2.      The Defendants agree and admit that Merrill Lynch's trademark "Merrill Lynch" (federally registered mark no. 1272653) and its distinctive "bull" design mark (federally registered mark nos. 1022222 and 1272654), are valid federally registered trademarks.

3.      The Defendants further admit that their use of Merrill Lynch's Trademarks is likely to cause consumer confusion by incorrectly creating the appearance of an association between Merrill Lynch and the Defendants, and is also likely to deceive the public into believing that Merrill Lynch sponsors or otherwise approves of the Defendants' use of Merrill Lynch's Trademarks.

4.      The Lanham Act expressly authorizes injunctive relief to restrain acts of unfair competition and trademark infringement. Injuries arising from Lanham Act violations, such as those suffered by Merrill Lynch, are presumed to be irreparable, even without a showing of business loss. In addition, because the Defendants' use of Merrill Lynch's Trademarks is likely to cause consumer confusion, Merrill Lynch is entitled to the presumption that it will suffer irreparable harm if the Defendants are not enjoined from using Merrill Lynch's Trademarks or any other phrase using the words "Merrill Lynch" to promote their business activities. *See*

*Amoco Oil Co. v. Rainbow Snow, Inc.*, 809 F.2d 656, 663 (10th Cir. 1987); *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

5.  The public interest will not be injured as a result of enjoining the Defendants from (1) using Merrill Lynch's Trademarks, (2) misrepresenting an association with, claiming employment with, affiliation with, endorsement by or sponsorship by Merrill Lynch in any manner, and (3) from directly or indirectly using in commerce or causing to be published or otherwise disseminating and promoting any materials or activities containing, reflecting or referring to any purported affiliation or endorsement by Merrill Lynch, or any or any substantially similar claim in connection with Defendants' attempt to bolster their financial resources.

6.  In addition, the Defendants stipulate to the entry of this Permanent Injunction.

## ORDER

WHEREFORE, based on the foregoing facts, the Court hereby ORDERS the following:

1.  Defendants, their agents, representatives, and all individuals and entities acting by, through, under or in concert with them shall not (1) use Merrill Lynch's Trademarks, (2) associate themselves with, claim employment with, affiliation with, endorsement by or sponsorship by Merrill Lynch in any manner, or (3) directly or indirectly use in commerce or cause to be published or otherwise disseminate and promote any materials or activities containing, reflecting or referring to any purported affiliation or endorsement by Merrill Lynch, or any substantially similar claim in connection with Defendants' attempt to bolster their financial resources.

2.If the Defendants violate this Permanent Injunction by (1) using Merrill Lynch's Trademarks, (2) associating themselves with, claiming employment or affiliation with, endorsement by or sponsorship by Merrill Lynch in any manner, or (3) directly or indirectly using in commerce or causing to be published or otherwise disseminating and promoting any materials or activities containing, reflecting or referring to any purported affiliation or endorsement by Merrill Lynch, or any substantially similar claim in connection with Defendants' attempt to bolster their financial resources, Merrill Lynch shall be entitled to immediately collect damages from the Defendants in the amount of $5,000 per violation, plus all costs and expenses, including attorneys' fees, incurred by Merrill Lynch in the enforcement of its rights under this Permanent Injunction.

3.A "violation" occurs for each publication or dissemination of any materials or activities containing, reflecting or referring to any purported affiliation or endorsement by Merrill Lynch, and for each incident that Defendants associate themselves with, claim employment with, affiliation with, endorsement by or sponsorship by Merrill Lynch.

4.The Court retains jurisdiction over this matter to enforce the provisions of this Permanent Injunction.

Dated this 26 day of October, 2007.

BY THE COURT

*[signature]*
United States District Court Judge

Agreed to by counsel for Plaintiff this 25th day of October, 2007.

s/ Gregory S. Tamkin
Gregory S. Tamkin
Jason L. Johnson
DORSEY & WHITNEY LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
Telephone: (303) 629-3400
Facsimile:  (303) 629-3450
E-mail: tamkin.greg@dorsey.com
E-mail: johnson.jason@dorsey.com


**Attorneys for Plaintiff
Merrill Lynch & Co., Inc.**

Agreed to by Defendant Evelani English this __ day of October, 2007.

_____

Evelani English


Agreed to by Defendant Richard R. Bais this __ day of October, 2007.

_____

Richard R. Bais


Agreed to by Defendant Christopher W. Lucas this __ day of October, 2007.

_____

Christopher W. Lucas

Agreed to by Defendant Evelani English this 10 day of October, 2007.

*Evelani K English*

Evelani English


Agreed to by Defendant Richard R. Bais this ___ day of October, 2007.

_____

Richard R. Bais


Agreed to by Defendant Christopher W. Lucas this ___ day of October, 2007.

_____

Christopher W. Lucas

7

Agreed to by Defendant Evelani English this ___ day of October, 2007.

_____

Evelani English


Agreed to by Defendant Richard R. Bais this 10 day of October, 2007.

*/s/ Richard R. Bais*

Richard R. Bais


Agreed to by Defendant Christopher W. Lucas this ___ day of October, 2007.

_____

Christopher W. Lucas

Agreed to by Defendant Evelani English this ___ day of October, 2007.

_____

Evelani English


Agreed to by Defendant Richard R. Bais this ___ day of October, 2007.

_____

Richard R. Bais


Agreed to by Defendant Christopher W. Lucas this ___ day of October, 2007.

*/s/ Christopher W. Lucas*

Christopher W. Lucas